# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE
OF FRED W. KENNEDY, BAR NO. 2269.

No. 71434

**FILED**

APR 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Fred W. Kennedy.

In the plea agreement, Kennedy admitted that he violated RPC 1.15 (safekeeping property) by overdrawing and failing to balance his trust account and by failing to timely remit payment to a client's lienholders, RPC 8.1(b) (disciplinary matters) by failing to provide to the State Bar a client file it requested in connection with the disciplinary proceedings, and RPC 8.4 (misconduct) by failing to comply with the Rules of Professional Conduct. Kennedy agreed to (1) a 6-month suspension, to run consecutively with a previous 6-month suspension, and which is to be conditionally stayed for 5 years; (2) pay the actual costs of the disciplinary proceedings plus $2,500; and (3) complete 4 hours of continuing legal education in attorney trust management.

Based on our review of the record and weighing the duties violated, Kennedy's mental state, the potential or actual injury caused by his misconduct, and the aggravating and mitigating factors, *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR

17 - 12163

113(1). Kennedy violated duties owed to his clients and the profession resulting in actual or potential injury to both. His violations resulted from a mix of knowing and negligent conduct. Kennedy's most serious misconduct in this matter was failing to safekeep client property. Absent aggravating or mitigating circumstances, a suspension is generally appropriate when a lawyer knows or should know that he is improperly dealing with client property. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2015); *see also id.* Standard 4.13 ("Reprimand is generally appropriate when a lawyer is negligent in dealing with client property. . ."). The record supports three aggravating factors (pattern of misconduct, prior disciplinary offenses, and substantial experience in the practice of law) and five mitigating factors (absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify consequences of misconduct, character and reputation, delay in disciplinary proceedings, and remorse). While the aggravating factors are concerning, bar counsel acknowledged that the agreed-upon 6-month suspension accounted for instances of misconduct that occurred almost a year before the hearing that led to the 6-month stayed suspension imposed on February 19, 2016, but were not captured in Kennedy's prior disciplinary proceeding because of imperfections in the disciplinary process. Considering all of these circumstances, the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Fred W. Kennedy from the practice of law in Nevada for a period of 6 months to run consecutively

with the 6-month suspension imposed on February 19, 2016, *see In re Discipline of Kennedy*, Docket No. 67305 (Order of Suspension, February 19, 2016), and to be stayed with the conditions that Kennedy complete 4 hours of continuing legal education related to attorney trust management and have no similar discipline resulting in a letter of reprimand or greater for a period of 5 years beginning from the November 3, 2014, hearing that led to the previous suspension. Additionally, Kennedy shall pay the actual costs of the disciplinary hearing plus $2,500, within 30 days from the date of this order or receipt of the State Bar's bill of costs, whichever is later. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.       _____, J.
Douglas                            Gibbons

_____, J.       _____, J.
Pickering                          Hardesty

_____, J.       _____, J.
Parraguirre                        Stiglich

cc:  Chair, Southern Nevada Disciplinary Board
     Frank J. Cremen
     C. Stanley Hunterton, Bar Counsel State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

